This is a bill to foreclose a purchase-money mortgage given to complainant to secure the balance of the consideration for certain premises in the borough of Seabright.
An answer and counter-claim have been filed. They are based upon the allegation that there is a shortage in the property conveyed of about eight feet because the borough laid a sidewalk across it of that width. The land was conveyed to the defendant by a bargain and sale deed on July 7th, 1925. Defendant had been a tenant on the property for two years preceding his purchase.
In the first place, there is no evidence that the strip was ever legally acquired by the borough. No statute has been called to my attention giving the municipality the right to lay the sidewalk, and, therefore, it cannot be determined whether the proper legal procedure for such an improvement was ever carried out.
There is evidence that the sidewalk has been there since 1891. This may or may not have created a public easement. I do not think it necessary to decide that question, however. I believe — bearing in mind that the deed was one of bargain and sale only — that the case of Hawthorne v. Odenson et al., 94 N.J. Eq. 588,
applies. In that case Vice-Chancellor Leaming held, syllabus 5 —
"As a general rule the purchaser's measure of protection in matters of title, in the absence of fraud, is in the covenants which he exacts from his vendor, which are not to be deemed as broken until eviction, and where he purchases without covenants of title, the doctrine of caveat emptor must apply and neither failure of or defects in title give ground for relief."
And syllabus 8 —
"Where a purchaser accepts a deed of conveyance containing a warranty of title expressly limited to claims under the vendor, the covenant, in effect, declares that the vendor does not warrant against a *Page 108 
title paramount and nothing short of fraudulent intent of the vendor in representing his title to be good, or concealing where the duty to disclose exists, can authorize relief for his misrepresentations as to title."
No fraud is alleged or proved. Applying the doctrine of caveatemptor, it is apparent the defendant having been a tenant of the premises for two years before he bought it, must have known that a sidewalk ran across it. He could and should have taken steps to ascertain whether it affected his title before he acquired the land.
I will advise a decree dismissing the answer and counter-claim.